IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 96-03008-06-CR-S-ODS |
| ) | |
| GERALD LEE PATTERSON, ) | |
| ) | |
| Defendant. ) | |

ORDER AND OPINION DENYING
DEFENDANT'S MOTION FOR RETURN OF PROPERTY

Pending is Defendant's Motion for Return of Property. All but one of the items in seized from Defendant was the subject of a criminal forfeiture and cannot be returned. The fourth item – U.S. currency in the amount of $8,295.75 – was allegedly administratively forfeited. The Court ordered the Government to document the efforts taken to notify Defendant of the administrative proceeding, and the Court has reviewed both the Government's submission and Defendant's response. Having done so, the Court concludes Defendant's Motion (Doc. # 661) should be denied.

First, the Court agrees Defendant's motion is untimely. The money was seized on July 12, 1996, and the forfeiture was completed in March 1997. Defendant was present when the money was seized, so he knew of this fact. Meanwhile, Defendant went to trial; he was found guilty on December 17, 1996, the Judgment and Commitment Order was entered on May 27, 1997, and the conviction and sentence were affirmed on April 3, 1998. United States v. Patterson, 140 F.3d 767 (8th Cir.), cert. denied, 525 U.S. 907 (1998). On May 14, 1999, Defendant filed a Motion for Order for Return of U.S. Currency, which was denied on June 29, 1999. Defendant filed a Notice of Appeal on August 24, 1999, but the appeal was dismissed (presumably, because the Notice of Appeal was untimely).

Forfeitures instituted prior to August 23, 2000, had to be challenged within six years. E.g., Bertin v. United States, 478 F.3d 489, 492-93 (2d Cir. 2007); United States

v. Machado, 465 F.3d 1301, 1307 (11th Cir. 2006).[1]  The instant motion, filed in September 2005, was filed much too late.[2]

Regardless, the merits would not favor Defendant.  The primary issue presented regards to the notice sent to Defendant.[3]  The Due Process Clause required that the Government utilize notice procedures that were reasonably calculated under the circumstances to apprise Defendant of the forfeiture proceeding.  Dusenbery v. United States, 534 U.S. 161, 167-69 (2002).  Nunley v. Department of Justice, 425 F.3d 1132, 1135-36 (8th Cir. 2005).  Mailed notice is generally sufficient, and proof of actual notice is not required; what is required is a reasonably calculated effort to provide actual notice.  Dusenbery, 534 U.S. at 170; Nunley, 425 F.3d at 1135-36.

The materials submitted by the Government confirm notice was sent to (1) Defendant's residence, (2) the jail where Defendant was being detained, and (3) Defendant's attorney.  Certified mail receipts demonstrate the notices were received by individuals at all three locations.  The Court agrees that mail sent to Defendant's house was not reasonably calculated to notify Defendant, given that Defendant was in custody.  United States v. Cupples, 112 F.3d 318, 320 (8th Cir. 1997) (citing United States v. Woodall, 12 F.3d 791, 794-95 (8th Cir. 1993)).  As noted, however, the Government also sent notice to Defendant at the institution where he was being held and to his attorney, either of which would be adequate.  Id.

---

[1]In 2000, the Civil Asset Forfeiture Reform Act ("CAFRA") was passed and shortened the time period to five years.  18 U.S.C. § 983(e)(3).  However, this limit applies only to forfeiture proceedings begun after its effective date.  E.g., United States v. Sims, 376 F.3d 705, 707 (7th Cir. 2004).

[2]Arguably, the motion is barred by preclusion principles, given Defendant's attempt to secure the return of his property in 1999.

[3]Defendant insists the money was seized by officers from the Springfield Police Department.  The Record reflects that law enforcement officers were attempting to arrest Defendant on a federal warrant.  The fact that DEA agents enlisted the aid of local police does not transform Defendant's arrest and the seizure of property into a state endeavor.  Even if this were not the case, the DEA is empowered to "adopt" a seizure made by local law enforcement.  See Madewell v. Downs, 68 F.3d 1030, 1037-38 (8th Cir. 1995).

2

Defendant insists he did not receive the notice. However, this is not the issue. The issue is whether the Government utilized a method reasonably calculated to apprise Defendant of the forfeiture proceeding. Defendant has not challenged the jail's system for delivering mail to inmates, as permitted in <u>Nunley</u>. 425 F.3d at 1138. He simply alleges he did not receive the notice, but this falls far short of satisfying his burden of demonstrating a flaw in the system. More importantly, <u>Cupples</u> and <u>Woodall</u> establish that notice provided to Defendant's attorney was reasonably calculated to apprise Defendant of matters related to his criminal case, including forfeiture proceedings.

The Clerk of Court is directed to mail a copy of this Order to:

Gerald Patterson
Reg. No. 09155-045
Federal Correctional Institution
P.O. Box 9000
Forrest City, Arkansas 72336-9000

IT IS SO ORDERED.

/s/ <u>Ortrie D. Smith</u>
ORTRIE D. SMITH, JUDGE
DATE: May 7, 2007         UNITED STATES DISTRICT COURT